[Cite as *Davenport v. Davenport*, 2019-Ohio-4390.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

KIMBERLY DAVENPORT

    Appellee

    v.

WILLIAM DAVENPORT

    Appellant

C.A. No.    18CA0091-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    09 DR 0695

DECISION AND JOURNAL ENTRY

Dated: October 28, 2019

HENSAL, Judge.

{¶1}    William Davenport appeals a judgment of the Medina County Court of Common Pleas, Domestic Relations Division, that awarded child support to Kimberly Davenport. For the following reasons, this Court dismisses the appeal in part and affirms the judgment.

I.

{¶2}    The parties originally married in 1991 and had two children. They divorced in 2011. Although both of the children are over 18 years old, one is disabled and is incapable of supporting or maintaining herself. In 2017, Mother moved for an order to impose child support. Following a hearing before a magistrate, the magistrate issued a decision on July 31, 2018, concluding that Father should pay child support. The trial court adopted the decision of the magistrate that same day.

{¶3}    On August 10, 2018, Father moved for an extension of time to file his objections to the magistrate's decision, explaining that he needed additional time because the record had not

been transcribed. He requested an extension that would run until two weeks after the transcription was complete. He also filed a motion to transcribe the record on the same day. The trial court denied Father's motion for extension of time to file objections on September 13, 2018. Father has appealed, assigning four errors. We have combined some of the assignments of error.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN FAILING TO RULE ON APPELLANT'S MOTION TO TRANSCRIBE THE RECORD.

{¶4} In his first and second assignments of error, Father argues that the trial court incorrectly denied his motion for extension of time to file objections and incorrectly failed to rule on his motion to transcribe the record. According to Father, he needed a transcript of the hearing before the magistrate to properly object to the magistrate's decision, but the court reporter was unable to transcribe the hearing within the two-week period for filing objections. He argues that his motions were timely and that the trial court's actions were unreasonable, arbitrary, and unconscionable, noting that the court did not give any reason for denying his motion for an extension of time.

{¶5} Civil Rule 53(D)(3)(b)(i) provides that "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision." "For good cause shown," a trial court "shall allow a reasonable extension of time for a party to file * * * objections to a magistrate's decision." Civ.R. 53(D)(5). "'Good cause' includes, but is not

limited to, a failure by the clerk to timely serve the party seeking the extension with the magistrate's order or decision." *Id.*

{¶6} The only reason that Father gave for needing an extension of time is because the transcript had not been completed. We note, however, that Civil Rule 53 anticipates that a transcript may not be completed within the 14-day period for filing objections. First, Rule 53(D)(3)(b)(iii) provides that an objection to a factual finding "shall be supported by * * * an affidavit of th[e] evidence if a transcript is not available." Second, the same subsection provides that, "[i]f a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections." *Id.* We also note that the trial court's local rules contemplate that the transcript will not be prepared before the time a party's objections are due. A rule addressing the "[p]reparation of a transcript of proceedings before a Magistrate" provides that, "[i]f a transcript is required, a praecipe to the Court Reporter requesting a transcript of the proceedings must be delivered to and acknowledged by the Court Reporter at the time of the filing of the Objection[.]" Loc.R. 1.07(A) of the Court of Common Pleas of Medina County, Domestic Relations Division. That rule also provides that a deposit of the costs to secure the transcript shall be paid within seven days of the filing of objections and that "the Court Reporter shall not commence the preparation of the transcript until the deposit has been made." Loc.R. 1.07(B) of the Court of Common Pleas of Medina County, Domestic Relations Division. Although Father filed a motion to transcribe the record, there is no indication in the record that Father ever delivered a praecipe to the court reporter or made a deposit of the costs. Upon review of the record, we conclude that Father did not establish good cause for needing an extension of time to file objections to the magistrate's decision. The trial court, therefore, did not err when it denied Father's motion for extension of time.

**{¶7}** Regarding Father's motion to transcribe the record, Father argues that he needed the transcript in order to properly object to the magistrate's decision. In light of our determination that Father was not entitled to an extension of time to file his objections, we conclude that this issue is moot. *State ex rel. Ford v. Ruehlman*, 149 Ohio St.3d 34, 2016-Ohio-3529, ¶ 55 ("An issue is moot 'when it has no practical significance and, instead, presents a hypothetical or academic question.'"), quoting *State v. Moore*, 4th Dist. Adams No. 13CA987, 2015-Ohio-2090, ¶ 7. Father's first and second assignments of error are overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN FAILING TO DEVIATE DOWNWARDS IN CALCULATING CHILD SUPPORT.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN FAILING TO IMPUTE THE APPROPRIATE INCOME TO THE APPELLEE.

**{¶8}** In his third and fourth assignments of error, Father argues that the trial court made mistakes in its judgment entry regarding whether to deviate downwards as to the child support order and how much income to impute to Mother. We, conclude, however, that we do not have jurisdiction to address these issues.

**{¶9}** Appellate Rule 4(A) provides that a party that wishes to appeal a final order must file a notice of appeal within 30 days of the entry of the order. Rule 4(B), however, provides that, if a party files a timely objection to a magistrate's decision, the time for filing the notice of appeal begins to run when the trial court enters an order resolving the filing. In this case, the magistrate entered her decision and the trial court entered its judgment on July 31, 2018. Father did not file timely objections to the magistrate's decision, so the 30-day time period for filing his notice of appeal also began to run on July 31, 2018. Father did not file his notice of appeal until

73 days later. We, therefore, conclude that his appeal of the trial court's July 31, 2018 judgment is untimely, and that this Court does not have jurisdiction to address his third and fourth assignments of error. The appeal is dismissed as to those assignments of error.

III.

{¶10} Father's first and second assignments of error are overruled. The appeal is dismissed as to Father's third and fourth assignments of error. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.

Appeal dismissed in part,
and judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CARR, J.
CONCUR.


APPEARANCES:

CHRISTINE RUSSO, Attorney at Law, for Appellant.

STEVE C. BAILEY, Attorney at Law, for Appellee.